## JAMIESON *v.* DAVIS, AGT., ETC.

*Venue—Actions against railroads—Section 11273, General Code—Jurisdiction not superseded by Federal Transportation Act—Wrongful detention of cars as "injury" to property.*

1. Section 206 of the Transportation Act of 1920 (Section 10169*g*, Barnes' Fed. Code), providing that actions may be brought "in any court, which, but for federal control, would have had jurisdiction of the cause of action, had it arisen against such carrier," does not supersede the provisions of Section 11273, General Code, but means that any court that would have had jurisdiction in an action against the railroad company is the court in which an action against the director general should be prosecuted.

2. An action against a railroad company to recover damages for the wrongful detention of plaintiff's tank cars, which had been damaged in a wreck, and which plaintiff avers were not returned to him within a reasonable time, to his damage, is an action for injury to personal property within the meaning of Section 11273, General Code, prescribing the venue of actions against railroads for injuries to person or property.

(Decided October 29, 1923.)

ERROR: Court of Appeals for Cuyahoga county.

*Messrs. Chamberlain & Fuller,* for plaintiff in error.

*Messrs. Tolles, Hogsett, Ginn & Morley,* for defendant in error.

CUSHING, J.   The question for determination in this case is the jurisdiction of the Court of Common Pleas.

[1] Railroads, 33 Cyc. p. 45; [2] Venue, 40 Cyc. p. 81.

M. W. Jamieson, of Warren, Pennsylvania, filed an action in the Court of Common Pleas against James C. Davis, as litigation agent for the United States Railroad Administration. Summons was served on J. A. Rosenberg, a regular ticket agent for James C. Davis.

On April 1, 1922, a motion was made to quash service of summons. That motion was granted September 28, 1922.

The petition recites that the plaintiff is a citizen of Warren, Pennsylvania; that he owns and operates an oil refinery, under the name of Warren Refining Company, and, as part of his business, owns tank cars for use in transporting his refined product; that February 1, 1918, he delivered two of such tank cars to the New York Central Railroad Company, routed to Dunkirk, New York, and thence over the New York, Chicago & St. Louis Railroad Company to Lorain, Ohio; that on February 5, 1918, both of the tank cars were wrecked, while being transported by the last-named railroad, at or near Gerald Siding on said line; that the Director General of Railroads paid for the loss of the contents of the cars and repaired them, and it is claimed that he was negligent in not returning the cars to the plaintiff for 650 car days; that by reason of the negligence of the Director General, and, in violation of his obligation to promptly return the cars, the plaintiff was damaged in the sum of $2,950, with interest from the 11th day of January, 1919.

The Court of Common Pleas granted the motion to quash the service of summons on authority of Section 11273, General Code, which provides, among

other things, that an action against a railroad company "for injuries to person or property, or for wrongful death must be brought in the county in which the cause of action or some part thereof, arose, or in the county in which the claimant for injuries to person or property or one whose wrongful death was caused, resided at the time when the cause of action arose   *   *   *."

In this case it is conceded that Jamieson was a resident and citizen of Warren, Pennsylvania, and that the injury to the property occurred in Ashtabula county, Ohio.

Plaintiff claims that this is not an action against a railroad company, that it is an action against the Director General of Railroads, and, as such, he is an artificial being created by law for the purpose of suing and being sued, and that the railroad company is neither a proper nor necessary party to the action. Authority for this contention is the case of *Blevins* v. *Hines, Dir. Genl. of Rds.*, 264 Fed., 1005. That case was tried in the United States District Court of Virginia. The questions presented were adverse citizenship, the status of the director general of railroads, and whether or not the railroad company was a proper party to an action where the director general was being sued under the Act of Congress. It was held that the railroad company was not a proper party to the action, and it was dismissed. It was also determined that the director general was an artificial being created by Congress for the purpose, among other things, of suing and being sued in matters growing out of the operation of the railroads by the director general, and held that in such

a case the question of adverse citizenship was not to be considered as a jurisdictional requirement.

In our opinion, that case correctly states the law on the subject. However, if that was the only question in this case, the action was properly commenced in Cuyahoga county. The Transportation Act of 1920 controls as to questions of jurisdiction. Section 206 of the Transportation Act of 1920, approved February 28, 1920 (41 Stats. at Large, 461; Section 10169$g$ Barnes' Fed. Code, U. S. Comp. Stat. Ann Supp., 1923, Section 10071¼ cc), provides:

"Such actions, suits, or proceedings may, within the periods of limitation now prescribed by State or Federal statutes but not later than two years from the date of the passage of this Act, be brought in any court which but for federal control would have had jurisdiction of the cause of action had it arisen against such carrier."

That Act, and particularly the language, "brought in any court, which, but for federal control, would have had jurisdiction of the cause of action, had it arisen against such carrier," can only be construed to mean that any court that would have had jurisdiction in an action against the railroad company is the court in which an action against the director general should be prosecuted.

Had the action been brought against the railroad company, the Court of Common Pleas of Cuyahoga county would not have jurisdiction of the subject-matter. Section 11273, General Code.

The case of *Blevins* v. *Hines, supra,* does not

assist in any way in determining the jurisdiction of the Court of Common Pleas.

It is argued that the cause of action arose out of a breach of an implied contract to return the cars. The petition does not state a contract, nor does it state facts from which a contract could be implied, other than that it grew out of the transportation of freight. But whether the action sounds in contract, or in tort, the damage was caused by an injury to property that brought about the delay in its return to the owner.

Our conclusion is that the case of *Loftus* v. *Penn. Rd. Co.*, 107 Ohio St., 352, controls, and that it was not error to sustain the motion to quash the service of summons.

The judgment of the Court of Common Pleas is affirmed.

*Judgment affirmed.*

BUCHWALTER and HAMILTON, JJ., concur.

Judges of the First Appellate District, sitting in place of Judges VICKERY, SULLIVAN and LEVINE, of the Eighth Appellate District.